**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| | § | |
| ***Plaintiff*,** | § | **Civil Action No. 4:26-cv-________** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TRUMAN YOUNG SUH,** | § | |
| | § | |
| ***Defendant*.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## I. INTRODUCTION

1. Plaintiff Jane Doe seeks damages and equitable relief against her former boyfriend, Truman Young Suh, for knowingly publishing an intimate photograph depicting her as a child to an Internet forum without her permission. The photograph exposed Plaintiff's intimate body parts and was made before she turned eighteen. Plaintiff proceeds as an adult in her own right and requests leave to use a pseudonym.

2. Defendant's disclosure made Plaintiff identifiable to a person who knew her. It caused humiliation, fear of further dissemination, significant emotional distress, sleep and appetite disturbance, weight loss, social withdrawal, and the need for psychological treatment. Plaintiff seeks relief under 15 U.S.C. § 6851, 18 U.S.C. § 2252A(f), Texas Civil Practice and Remedies Code Chapter 98B, and Texas common law.

## II. PARTIES

3. Plaintiff is an adult individual residing in Tarrant County, Texas. Her identity will be disclosed to the Court and Defendant through the confidential procedure requested in her contemporaneous motion. Plaintiff was under eighteen when the photograph was made.

4. Defendant Truman Young Suh is an adult individual. On information and belief, he resided in Tarrant County when the conduct occurred and maintained a residential connection to 4607 Lakeside Drive, Colleyville, Texas 76034, where he may be served.

## III. JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1331 because Counts One and Two arise under federal law. Section 6851(b)(1)(A) and § 2252A(f) expressly authorize civil relief in federal court. There is no amount-in-controversy requirement for these federal claims.

6. The Court has supplemental jurisdiction over the Texas claims under 28 U.S.C. § 1367(a). All claims arise from the same photograph, disclosure, parties, and resulting injuries and form part of the same Article III case or controversy.

7. Defendant is subject to specific personal jurisdiction under Federal Rule of Civil Procedure 4(k)(1)(A), the Texas long-arm statute, and due process because the challenged conduct occurred in and was connected to Tarrant County, Texas, where the parties' relationship and Defendant's acquisition and disclosure of the photograph were centered. The criminal complaint alleges the promotion occurred in Tarrant County. These are Defendant's own forum contacts, and the claims arise directly from them. Exercise of jurisdiction is fair and reasonable.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Tarrant County. The Fort Worth Division encompasses Tarrant County.

## IV. BACKGROUND FACTS

9. Plaintiff and Defendant formerly dated. In connection with that private relationship, Defendant obtained or retained a photograph depicting Plaintiff with her uncovered

intimate parts. The photograph was created while Plaintiff was under eighteen. The circumstances of the relationship and the intimate character of the photograph gave Defendant notice that the photograph was private.

10. Plaintiff reasonably expected the photograph to remain private. She did not authorize Defendant to publish, upload, distribute, display, or otherwise make it available to an Internet forum or its users. Any consent to creation or private transmission of the photograph was limited and did not authorize public disclosure.

11. On or about May 1, 2025, Defendant knowingly published or otherwise made the photograph available on an Internet forum. The criminal complaint identifies the digital file as "5hkmq26c68ye1.jpeg." The forum, account, full URL, exact posting time, and any additional disclosures will be established through discovery.

12. The posting used the Internet and a computer or other electronic device, which are means or facilities of interstate commerce. It transferred, distributed, or made the photograph accessible to forum users beyond the private relationship for which it was obtained.

13. Plaintiff was identifiable in the photograph or information displayed with it. Around the time of publication, her then-boyfriend recognized her in the post from the unique features of her room which were revealed in the posted image.

14. Defendant knew Plaintiff had not consented to publication or recklessly disregarded her lack of consent. That inference follows from his possession of an intimate photograph of his former girlfriend as a child, the private context in which he obtained it, and his decision to expose it to strangers rather than keep it within that private context.

15. On information and belief, Defendant knew the photograph depicted Plaintiff before she turned eighteen and knew its sexually explicit character. He knew Plaintiff personally

through their dating relationship. The photograph was not a depiction of a fictitious adult; it depicted Plaintiff, an actual person under eighteen when it was created.

16. The photograph depicts a lascivious exhibition of Plaintiff's genitals within 18 U.S.C. § 2256(2)(A)(v) and (8)(A). The criminal complaint describes a lewd exhibition of a child's genitals, appealing to the prurient interest in sex and without serious literary, artistic, political, or scientific value.

17. Defendant's distribution gave publicity to Plaintiff's private life by making the intimate photograph available to members of an Internet forum. Its content is highly offensive to a reasonable person of ordinary sensibilities and is not of legitimate public concern.

18. The State of Texas filed Cause No. 1891585 in the 485th District Court of Tarrant County. The October 7, 2025 criminal complaint names Plaintiff as the injured party and alleges Defendant knowingly promoted the identified file in Tarrant County on or about May 1, 2025.

19. On July 15, 2026, Defendant executed a sworn judicial confession concerning the acts to which he pleaded. On July 21, 2026, the criminal court accepted a guilty plea to the offense identified in its order as possession or promotion of lewd visual material depicting a child, Texas Penal Code § 43.262(c), treated as a Class A misdemeanor under § 12.44(b). It found the evidence substantiated guilt and placed Defendant on eleven months of deferred-adjudication community supervision.

20. The criminal court deferred adjudication without entering a final judgment of guilt. Plaintiff relies on Defendant's underlying conduct, authenticated court records, and admissible sworn statements to establish her civil claims.

21. After learning of the disclosure, Plaintiff experienced significant anxiety and humiliation, difficulty sleeping, lack of appetite and weight loss, trouble concentrating, and

withdrawal from friendships. She sought psychological treatment and resumed medication for preexisting attention-related symptoms that had previously been manageable without medication. Defendant's conduct caused or aggravated these symptoms and associated treatment needs; Plaintiff does not allege that it created a preexisting condition.

22. Plaintiff has suffered personal injury and damages as a direct and proximate result of the disclosure. The amount and duration of treatment costs and other economic losses will be shown by admissible evidence.

23. Plaintiff seeks to stop further disclosure of the photograph and preserve the evidence needed to identify and remove copies.

## IV. CAUSES OF ACTION

### COUNT ONE
### Nonconsensual Disclosure of an Intimate Visual Depiction
### 15 U.S.C. § 6851

24. Plaintiff incorporates paragraphs 1–24. The photograph is an intimate visual depiction of an identifiable individual within § 6851(a): it depicts Plaintiff's uncovered intimate body parts, and Plaintiff was recognizable through the photograph or associated information.

25. Defendant disclosed that depiction through a means or facility of interstate commerce without Plaintiff's consent, knowing or recklessly disregarding that she had not consented to the disclosure. Consent to creation or to an earlier private transmission does not establish consent to Defendant's disclosure. 15 U.S.C. § 6851(b)(2).

26. This was a private individual's nonconsensual disclosure, not a good-faith report to law enforcement, protected legal submission, medical disclosure, matter of public concern, or other disclosure excepted by § 6851(b)(4).

27. Plaintiff seeks actual damages or, at her election, $150,000 in liquidated damages under § 6851(b)(3)(A)(i), reasonable attorney's fees, litigation costs, and equitable relief under § 6851(b)(3)(A)(ii) and (B).

**COUNT TWO**
**Civil Relief for Distribution of Child Sexual Exploitation Material**
**18 U.S.C. § 2252A(f)**

28. Plaintiff incorporates paragraphs 1–24 and pleads this claim in the alternative.

29. Defendant knowingly distributed, using a means or facility of interstate commerce, material containing a visual depiction of an actual minor engaged in sexually explicit conduct, including a lascivious exhibition of the genitals, in violation of § 2252A(a)(2)(A) or (B). He knew the character of the material and that it depicted Plaintiff while she was under eighteen.

30. Plaintiff is a person aggrieved by that conduct within § 2252A(f)(1). The distribution itself injured the person depicted, causing the personal, psychological, and privacy injuries described above.

31. Under § 2252A(f)(2), Plaintiff seeks compensatory and punitive damages, and permanent injunctive relief, and costs and reasonable attorney and expert-witness fees.

**COUNT THREE**
**Unlawful Disclosure of Intimate Visual Material**
**Texas Civil Practice and Remedies Code § 98B.002(a)**

32. Plaintiff incorporates paragraphs 1–24 and pleads this claim in the alternative. The photograph is intimate visual material because it depicts Plaintiff's exposed intimate parts. Defendant disclosed it without effective consent and with the intent to harm Plaintiff.

33. At disclosure, Defendant knew or had reason to believe that the photograph was obtained or created under circumstances in which Plaintiff reasonably expected it to remain

private. The disclosure harmed Plaintiff and revealed her identity through the photograph or accompanying information, including recognition by her then-boyfriend.

34. Plaintiff seeks actual damages, including mental-anguish damages, court costs, reasonable attorney's fees, and exemplary damages under § 98B.003, and injunctive relief under § 98B.004. She pleads malice and seeks exemplary damages subject to the applicable requirements of Chapter 41.

**COUNT FOUR**
**Invasion of Privacy by Public Disclosure of Private Facts**

35. Plaintiff incorporates paragraphs 1–24. Defendant gave publicity to a matter concerning Plaintiff's private life by posting the intimate photograph to a forum accessible to a substantial audience. Plaintiff had not made that private matter public or authorized Defendant to do so.

36. Publication of Plaintiff's exposed genitals as a child would be highly offensive to a reasonable person of ordinary sensibilities. The photograph and its disclosure had no legitimate public concern. The disclosure proximately caused Plaintiff's injuries. Plaintiff seeks compensatory damages and exemplary damages for malicious conduct as allowed by Texas law.

## V. DAMAGES

37. Plaintiff seeks recovery for past and future mental anguish, humiliation, loss of privacy, reasonable psychological and medical treatment, other proven pecuniary loss, applicable statutory liquidated damages in the alternative to actual damages on Count One, and punitive or exemplary damages where authorized.

## VI. JURY DEMAND

38. Under Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury on all issues so triable.

**PRAYER**

Plaintiff requests that Defendant be summoned to answer; that the Court enter judgment on the claims proved; award actual or elected liquidated damages, authorized punitive or exemplary damages, reasonable attorney's fees, allowable expert fees, costs, and authorized interest; and award all further relief to which Plaintiff is entitled.

By:______________________________
Elisaveta Dolghih
State Bar No: 24043355
DOLGHIH LAW GROUP PLLC
2626 Cole Ave., Suite 300
Dallas, TX 75204
Tel: 214.531.2403
leiza@dlg-legal.com

**ATTORNEYS FOR PLAINTIFF**